[Civ. No. 1074. Second Appellate District.—April 18, 1912.]

F. X. EBERLE et al., Petitioners, v. A. A. HUBBARD et al., Respondents; HENRY LUDWIG et al., Intervenors.

EMINENT DOMAIN—LANDS CONDEMNED FOR STREET WIDENING—ASSESSMENTS IN TREASURY—MANDAMUS—APPEAL PENDING NOT CONSIDERED —ABSENCE OF STAY.—Where lands were condemned in an action for street widening, and the assessments were collected and paid into the city treasury, and there was no appeal from the judgment of condemnation, and the trial court decided in favor of the validity and regularity of the proceedings, and there was no stay pending an appeal involving such validity and regularity, a proceeding in *mandamus* to compel the payment of such funds in the treasury to the property owners cannot serve to review the correctness of the action of the trial court; and where the board of public works refused to draw warrants for such funds in favor of the property owners, pending such appeal, a peremptory writ of mandate will be granted to compel such action.

ID.—REHEARING — AFFIRMANCE OF JUDGMENT APPEALED FROM — PEREMPTORY WRIT.—Where a rehearing was granted for further consideration, and pending such rehearing the judgment of the trial court as to the validity and regularity of the proceedings for condemnation was affirmed upon appeal, and upon such rehearing the original opinion was adopted and approved, the peremptory writ of mandate must issue in accordance therewith.

APPLICATION for writ of mandate to the Board of Public Works of the City of Los Angeles.

The facts are stated in the opinion of the court.

Thomas C. Ridgway, and Hatch, Lloyd & Hunt, for Petitioners.

John W. Shenk, City Attorney, and Myron Westover, Deputy City Attorney, for Respondents.

Trippet, Chapman & Biby, and Valentine & Newby, for Intervenors.

THE COURT.—An opinion herein was filed in this court on January 15, 1912, wherein, upon application of petitioners, a peremptory writ of mandate was ordered to be issued as

prayed for. Thereafter, upon application of respondents and intervenors, a rehearing of said matter was ordered. In view of the fact that this court has filed an opinion, April 2, 1912, affirming the judgment of the trial court in the case of *S. M. Bernard Co.* v. *City of Los Angeles, ante,* p. 626, [124 Pac. 88], (Civil No. 1127), wherein this proceeding originated, and, upon further consideration of the matter, being fully satisfied with the opinion heretofore filed herein, we readopt the same as the opinion of the court. The opinion referred to follows:

"After due proceedings had preliminary thereto, the city of Los Angeles, on July 3, 1907, brought an action to condemn certain lands for the purpose of adding to the width of Eighth street in said city. Interlocutory judgment was thereafter entered, determining the amount of damages to be paid for the taking of the land. Assessments were then levied upon the property of a benefited district duly described by ordinance, and subsequent thereto the sum of $161,454.48 was collected on these assessments for the purpose of paying the damages fixed by the court in the condemnation proceeding. This money was placed in a special fund in the city treasury where it has since remained. All the petitioners, except Sarah M. Hamble, are property owners who were awarded damages. No appeal was taken from the judgment of condemnation and that judgment has become final. The defendants constituting the board of public works of the city of Los Angeles refuse to order warrants to be issued in favor of petitioners, and the defendant treasurer refuses to pay to petitioners the amounts severally awarded to them by the court. For answer to the alternative writ issued herein, the defendants set up that an action is now pending on appeal in the supreme court, wherein the validity and regularity of the proceedings had and taken in the matter of the widening of Eighth street are brought into question, and that the city of Los Angeles has withheld payment of the awards for damages pending final decision in the case mentioned. The suit referred to was one in which one Bernard and others, owners of property which was assessed to pay the cost of the street improvement, sought to have the proceedings declared void and to have injunctive relief preventing a sale of their properties on account of delinquent assessments. The trial court refused the relief asked for and decreed that the proceedings for the widening

18 Cal. App.—45

of Eighth street were regular and valid. An application, made after judgment, for an injunction staying proceedings pending appeal was also denied. An appeal was then taken from the judgment and from the order so made after judgment. A number of the plaintiffs who appeared in that action have filed here a complaint in intervention opposing the petitioners in this suit. It is alleged in this complaint, after setting up the facts relative to the action last referred to, that the intervenors have since paid the amounts assessed against their property, but under protest and because only of the threat of the board of public works to sell their property to satisfy the amounts levied against it; and that they have notified the city of Los Angeles that they will look to it for the return of the money so paid in the event it shall finally be held that the street proceedings are invalid. The defendants, representing the city of Los Angeles, do not offer as a reason why refusal is made to disburse the fund collected for the benefit of the property owners whose property was adjudged to be damaged by reason of the proceedings, that any irregularity or informality exists in such proceedings, such as might render title to the money constituting this fund questionable, and, moreover, all of those matters have been properly submitted to a trial court which has made its determination of the issues so presented adverse to the intervenors who appear here. It is not proper, in our opinion, to make this proceeding in *mandamus* serve to review the correctness of the conclusions reached by the trial judge in the action which is now pending in the supreme court. The trial court not only passed upon the issues presented, which were all resolved in favor of the city, but considered and refused an application made on the part of the intervenors for an injunction to stay proceedings pending appeal. The hands of the officers of the city were left untied, and it became their plain duty under the law to proceed with the adjustment of the judgment claims of petitioners. In its practical effect, the contention of the intervenors is that the trial court should have granted an order staying proceedings, and having failed to do so, that this court should now review that action and withhold a mandate requiring the city officials to proceed in accordance with law. No doubt had the city consented to the granting of an injunction, to operate as a *supersedeas*

pending appeal, an order providing for such stay would have been made by the trial court.   Having insisted, as we may presume defendants did insist, that they be left free to act and bring to a close the proceedings for the opening of Eighth street, complaint cannot now be heard on their behalf because such action may be compelled to be taken on their part as the law requires them to take.

"We think that neither the defendants nor the intervenors have shown sufficient cause why the judgment of this court, exercised within the limits of a reasonable and just discretion, should deny the relief sought by petitioners.

"A peremptory writ of mandate is ordered to be issued."